```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/01/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
SUEZ WATER NEW YORK INC.,                                          :
                                                                   :
                        Plaintiff,                                 :
                                                                   :     20-cv-10731 (LJL)
        -v-                                                        :
                                                                   :     MEMORANDUM &
E.I. DU PONT DE NEMOURS AND                                        :     ORDER
COMPANY and THE CHEMOURS                                           :
COMPANY,                                                           :
                                                                   :
                        Defendants.                                :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Suez Water New York Inc. ("SUEZ" or "Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 54(b), for entry of partial final judgment. Dkt. No. 115. For the following reasons, the motion for entry of partial final judgment is denied.

## BACKGROUND

Familiarity with the facts of the case and of the Court's March 22, 2023 Opinion and Order is assumed. Dkt. No. 112. SUEZ operates public water systems that serve customers in five counties in New York State. Dkt. No. 95 ("Second Amended Complaint" or "SAC") ¶ 4. SUEZ alleges various tort claims related to the contamination of its water systems by defendants E.I. du Pont de Nemours and Company, Inc. ("Old DuPont") and The Chemours Company ("Chemours," and together with Old DuPont, "Defendants"). The SAC alleges that Defendants manufactured Per- and polyfluoroalkyl substances ("PFAS") and perfluorooctanoic acid ("PFOA") and have sold PFOA, PFOA-containing materials, and PFAS-containing materials that degrade into PFOA to industrial manufacturers in New York State. See id. ¶¶ 9–11, 68, 81. The industrial manufacturers discharged these materials into SUEZ's watershed by disposing the

materials in landfill facilities, which in turn leached into SUEZ's watershed, and through wastewater treatment facilities that were incapable of removing PFOA. *Id.* ¶¶ 81–83.

Scientific evidence indicates that PFOA may be hazardous to public health and the environment, *id.* ¶¶ 22, 27, and both the EPA and the New York State Department of Environmental Conservation have taken action to address risks that PFOA poses to the public, *id.* ¶¶ 23–25, 27–31. Specifically, in 2020, the New York State Department of Health's Public Health and Health Planning Committee approved the adoption of Maximum Contaminant Levels ("MCLs") for PFOA in New York State's public water systems of ten parts per trillion. *Id.* ¶¶ 29, 31. If a water system exceeds this MCL, it must take corrective action. *Id.* ¶ 31. Defendants, despite knowledge of the dangers posed by PFOA and other PFAS-containing materials, *see, e.g.*, *id.* ¶¶ 33–36, 41–42, continued to sell these materials to New York-based industrial manufacturers and instructed manufacturers that it was permissible to dispose of PFOA and PFOA-containing materials through normal landfill and wastewater channels, *id.* ¶¶ 46–51. As a result of these actions, Plaintiff alleges that it is required to implement significant enhancements to its existing water-treatment infrastructure in order to comply with the New York MCL. *Id.* ¶¶ 105–110, 112. Plaintiff also alleges that Old DuPont developed alternatives to PFOA and PFOA-containing materials that did not pose the same risks to the environment, but did not begin to use these alternatives until considerably after their development. *See id.* ¶¶ 38–39, 42–43.

Based on these allegations, the Second Amended Complaint pleaded five causes of action against Old DuPont and Chemours, including public nuisance, private nuisance, negligence, trespass, and defective design. *See id.* ¶¶ 119–61. On March 22, 2023, the Court issued an Opinion and Order dismissing with prejudice the public and private nuisance, negligence, and

trespass counts against Old DuPont and Chemours and the design defect count against Chemours (the "Dismissed Claims"). Dkt. No. 112. The Court denied the motion to dismiss the design defect claim against Old DuPont (the "Surviving Claim"). *Id.*

Plaintiff moved for entry of partial judgment under Rule 54(b) on April 3, 2023. Dkt. Nos. 115-16. Defendants filed a memorandum in opposition to the motion on April 17, 2023. Dkt. No. 118. On April 24, 2023, Plaintiff filed a reply memorandum of law in further support of its motion. Dkt. No. 123. On April 18, 2023, the Court entered a revised case management plan and scheduling order in this case, which contemplates the completion of all discovery by October 28, 2024. Dkt. No. 119.

## DISCUSSION

Section 1291 of Title 28 of the United States Code provides the courts of appeals jurisdiction only of "final decisions of the district courts of the United States." 28 U.S.C. § 1291. Thus, "in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). However, Federal Rule of Civil Procedure 54(b) provides something of a compromise to this rule. It permits a court "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, [to] direct entry of a final judgment as to one or more, but fewer than all, claims or parties." The court, however, must "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Atkinson v. Singh*, 2022 WL 1204559, at *1 (S.D.N.Y. Apr. 22, 2022) (A court may enter partial final judgment under Rule 54(b) if it finds that "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." (quoting *Grand*

3

*River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 126, 128-29 (2d Cir. 2005))). In allowing a court to enter partial final judgment under limited circumstances, the Rule considers "the wide scope and possible content of the . . . 'civil action'" and "avoid[s] the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54(b), Advisory Committee's Note to 1946 Amendment. But the Rule is not intended to alter the general "historic policy against piecemeal appeals," reflected in Section 1291. *Novick*, 642 F.3d at 310 (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)). Thus, "[t]he court's power under Rule 54(b) to enter final judgment before an entire case is concluded should be exercised 'sparingly.'" *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Cullen v. Margiotta* ("*Cullen II*"), 811 F.2d 698, 710 (2d Cir.), *cert. denied*, 483 U.S. 1021 (1987)).

The parties dispute both whether the Dismissed Claims and the Surviving Claim constitute "multiple separable claims" within the meaning of Rule 54(b) and whether there exists "no just reason for delay." The Court addresses each argument in turn.

**I.      Multiple Separable Claims**

Plaintiff argues that the Dismissed Claims are separable from the Surviving Claim because they raise distinct legal and factual issues: While the Dismissed Claims involve "questions of [Defendants'] knowledge, intent, and control" "in the sale, licensing, and distribution of their products," the Surviving Claim is a strict liability claim for design defect, which "turns on whether [Old DuPont's] products were unreasonably dangerous, and not whether it knew of the risks or acted unreasonably in disseminating the product." Dkt. No. 116 at 8. Defendants respond that the undismissed design defect claim and the dismissed nuisance, negligence, and trespass claims are not separable, because they all share a common element:

4

substantial factor causation. Dkt. No. 118 at 4. Defendants also argue that the claims are not separable because Plaintiff seeks identical relief for each of its claims. *Id.* at 6.

"[T]he question of when a case presents multiple claims often is a difficult one." 10 Wright & Miller, Fed. Prac. & Proc. Civ § 2656 (4th ed.). "[C]laims are separable if they involve different questions of fact and law, even if those arose out of the same transaction and occurrence." *Gallo Wine Distributors, L.L.C. v. Niebaum-Coppolla Estate Winery, L.P.*, 56 F. App'x 8, 9 (2d Cir. 2003). "However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, the bases for recovery are mutually exclusive, or simply presented in the alternative, . . . plaintiff has only a single claim for relief for purposes of Rule 54(b)." 10 Wright & Miller, Fed. Prac. & Proc. Civ § 2657. The Second Circuit has identified two specific circumstances in which claims are considered "separable" so as to permit entry of an appealable judgment under Rule 54(b). First, "claims aris[ing] from the same underlying facts" are considered separate when "their elements and the potential recoveries differ." *Cullen II*, 811 F.2d at 712. Thus, claims are separable "if 'different sorts of relief' are sought and, consequently, the claim for greater relief would be pressed by the plaintiff even if the other claim were granted." *Id.* at 711 (quoting *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 580–81 & n. 18 (1980)); *see Geneva Pharmaceuticals Tech. Corp. v. Barr Labs, Inc.*, 2002 WL 31159048, as *3 (S.D.N.Y. Sep. 27, 2002) (granting Rule 54(b) judgment on antitrust claim because treble damages are available under the antitrust laws "and thus the dismissed claims involve a claim for greater relief"). Second, "[c]laims are 'separable if they involve at least some different questions of fact and law and could be separately enforced.'" *Avondale Indus., Inc. v. Travelers Indemn. Co.*, 887 F.2d 1200, 1203 (2d Cir. 1989) (quoting *Cullen II*, 811 F.2d at 711). Although there is some overlap between these two situations,

"[w]hen these features are present, claims may be considered separable even if they have arisen out of the same transaction or occurrence." *Cullen II*, 811 F.3d at 711. Furthermore, the Second Circuit has instructed that in determining whether causes of action should be considered separable courts must consider "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Novick*, 642 F.3d at 311 (cleaned up) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 10); *see also Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989) (separability requirement demands an examination of "the relationship between plaintiffs' claims to determine whether they are sufficiently separate and distinct as to lend themselves to review as single units, or whether they are so interrelated and dependent upon each other as to be one indivisible whole").

Plaintiff has failed to demonstrate that the Dismissed Claims are separable from the Surviving Claim. Just as the fact that claims arising out of the same transaction, occurrence, or series of transactions does not preclude entry of partial judgment under Rule 54(b), *see Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095–96 (2d Cir. 1992),[1] so too is the fact that two causes of action contain different elements insufficient, standing alone, to require entry of partial judgment. Courts are required to dismiss claims that are duplicative of one another because they "arise from the same facts . . . and do not allege distinct damages." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (citation omitted). If it were enough that a dismissed claim contain a different element from a surviving claim, then virtually every partial

---

[1] In *Ginett*, the Second Circuit held that the district court properly found that plaintiff-appellee's claim for severance pay was independent of his claims for wrongful termination, incentive compensation, and damages under civil RICO because the claim sought different relief and rested on different facts. 962 F.2d at 1096–97.

dismissal or grant of judgment would permit entry of partial final judgment. Instead, the question of whether two causes of action raise separable claims must be assessed with the goals of Section 1291 and Rule 54(b) of preventing piecemeal appeals in mind. *Novick*, 642 F.3d at 310.

The Dismissed Claims and the Surviving Claim here are interrelated. Although they allege wrongdoing at different stages of the manufacturing and distribution processes, they each arise from a single alleged harm—the pollution of Plaintiff's water systems. Thus, as Plaintiff concedes, the claims seek identical relief.[2] *See* Dkt. No. 95 at 42–43 (Prayer for Relief). SUEZ's claims for private nuisance, negligence, trespass, and design defect all contain identical language with respect to the damages SUEZ has suffered: "SUEZ has suffered, is currently suffering, and will continue to suffer damages equal to the costs associated with the creation or acquisition, as well as installation and implementation, of the drinking water treatment systems necessary to comply with the new MCLs, and SUEZ will continue to incur additional costs for the operation and maintenance of those systems and the regular monitoring of PFOA levels in its water treatment infrastructure necessitated by New York's adoption of these standards." Dkt. No. 95 ¶¶ 131, 139, 148, 160. While SUEZ's claim for public nuisance does not quantify damages, its pleadings establish that all five causes of action seek mutually exclusive recovery from Defendants.

Plaintiff's claims also each raise the same threshold question of whether Defendants' conduct was a substantial factor in causing Plaintiff's injury. *See* Dkt. No. 112 at 11 (noting that

---

[2] For that reason, *Cullen v. Margiotta*, 811 F.2d 698, is of no assistance to Plaintiff. The Second Circuit in that case held that plaintiffs' RICO claims were sufficiently distinct from their Section 1983 claims to permit entry of partial final judgment because "both their elements and the potential recoveries differ." *Id.* at 712

"[a]s a threshold matter, to prevail on any of its five claims, Plaintiff must plead causation"). Plaintiff argues that the claims are distinct because the Dismissed Claims turn upon "determinations of whether and to what extent Defendants were aware that their customers would dispose of Defendants' PFOA- and PFAS-containing products in ways that would contaminate SUEZ's water sources and the extent to which Defendants controlled their customers' use and disposal of these products." Dkt. No. 123 at 3. But the answers to those questions will be heavily dependent, if not entirely reliant, upon the disputed issue whether there were sufficient allegations in the Second Amended Complaint that Defendants' PFOA- and PFAS-containing products, in fact, were disseminated into SUEZ's water sources and in sufficient quantities to cause Plaintiff's alleged injury. As Plaintiff acknowledged in its opposition to Defendants' motion to dismiss, all five causes of action turn on whether Defendants' conduct was a substantial factor in causing Plaintiff's injury. *See* Dkt. No. 104 at 5–10 (analyzing substantial factor causation as a threshold question). If there were not sufficient allegations of causation in the Second Amended Complaint, then all of Plaintiff's causes of action will fail; only if there were sufficient allegations would an appellate court need to examine questions of Defendants' knowledge of their customers' actions.

Thus, an appellate court, considering whether the Court properly dismissed Plaintiff's claims for nuisance, negligence, and trespass, will necessarily be confronted with the question of substantial factor causation. Although the Court ruled for Plaintiff on that issue at the motion-to-dismiss stage, substantial factor causation constitutes an alternative basis to affirm the Court's dismissal should the appellate court find that the Court erred in its rulings on each of the Dismissed Claims. *Cf. Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 657 (2d Cir. 2022) (considering "an alternative ground for affirmance that might obviate" grounds on which

district court decided the case). Plaintiff's argument that substantial factor causation will not be a substantial part of its appellate arguments because the Court ruled in its favor are thus without merit. Dkt. No. 123 at 5 n.3. The issue was hotly contested at the motion-to dismiss stage and this Court initially ruled for Defendants when the issue was presented in the context of Defendants' first motion to dismiss. *See* Dkt. No. 94. Substantial factor causation will undoubtedly be a significant part of Defendants' appellate arguments and Plaintiff will have to address that issue in its argument on appeal.

      The identical question—whether Defendants' actions were a substantial factor in causing Plaintiff's injury—based on identical allegations of fact, will be a core issue of discovery and trial of the Surviving Claim in this Court. And this process will be helpful during the Circuit's consideration of the Dismissed Claims. If Plaintiff's substantial factor causation argument fails on the merits with respect to the Surviving Claim, the Dismissed Claims would also have failed on the merits. Should this Court on summary judgment or should a jury at trial determine that Plaintiff has failed in its burden to demonstrate substantial factor causation, that result might well preclude a decision in Plaintiff's favor on the claims Plaintiff now seeks to appeal, and thus in turn militates against entry of partial final judgment. *See Fat Brands Inc. v. PPMT Capital Advisors, Ltd.*, 2021 WL 1392849, at *1 (S.D.N.Y. Apr. 13, 2021) ("[C]ourts 'should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [an appellate court] to decide issues twice.'") (quoting *Ginett*, 962 F.2d at 1095)); *see also Cullen v. Margiota* ("*Cullen I*"), 618 F.2d 226, 228 (2d Cir. 1980) (holding that Rule 54(b) judgment should not be entered where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations" and where "[f]urther proceedings on the pending causes of action will illuminate appellate

review of the other claims").[3]  Were the Court to grant partial judgment on the dismissed claims and permit an appeal to proceed now, the Second Circuit "would be required to consider many of the same issues that w[ould] need to be considered in any appeal from a final judgment adjudicating" the Surviving Claim.  *Novick*, 642 F.3d at 314.[4]

## II.     No Just Reason for Delay

Even if Plaintiff's nuisance, negligence, and trespass claims were sufficiently distinct from its design defect claim to permit entry of partial final judgment pursuant to Rule 54(b), the Court could not find that there was "no just reason for delay."  The Second Circuit has held that this standard is met "only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'"  *Cullen I*, 618 F.2d at 228 (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978)).  Plaintiff argues that there is no just reason for delay because the case is at its early stages and "[r]equiring SUEZ to wait to appeal the Court's dismissal until after a lengthy and complex discovery period and jury trial on SUEZ's design defect claim would, if the Second Circuit reverses any of the dismissed claims, result in an expensive and time-consuming duplicative discovery period and a second jury trial."  Dkt. No. 116 at 13.  Plaintiff emphasizes that allowing the Second Circuit to review the dismissed claims while the parties litigate the design defect claim would conserve judicial and party resources by allowing for the possibility of a single jury trial if the Second Circuit reverses as to any of the dismissed claims.  *Id.* at 114; Dkt. No. 123 at 7.  The Second Circuit has stated that a

---

[3] By the same token, a finding for Plaintiff may be preclusive against Defendants.  The Court, however, need not determine now whether principles of issue preclusion would prevent either party from relitigating an adverse decision on substantial factor causation.

[4] As to the request to enter partial judgment on the claim for design defect contained in Count Five against Chemours, the Second Circuit has stated that "the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." *Cullen II*, 811 F.2d at 710

court may certify that there is no just reason for delay "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Cullen II*, 811 F.2d at 711.

There is some force to Plaintiff's argument. Discovery in this case will occur over an extended period of time and it is conceivable that the Second Circuit could resolve an appeal of the Dismissed Claims in time for all the claims to be tried together. *See* Dkt. No. 123 at 7–8 (noting that the parties have agreed to a year of fact discovery followed by five months of expert discovery and an estimated trial length of twenty-one days). At the same time, however, the risk of multiple trials is present in every case where a court has dismissed only some of a plaintiff's claims. "[T]he desire 'to avoid a second trial . . . is one [the Second Circuit] ha[s] explicitly rejected' as a basis for entry of a partial judgment, 'particularly in cases where the dismissed and the surviving claims are closely interrelated.'" *Fat Brands Inc.*, 2021 WL 1392849, at *1 (quoting *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006)); *see also Lara-Grimaldi v. County of Putnam*, 2022 WL 736427, at *3 (S.D.N.Y. Mar. 11, 2022). Moreover, "unnecessary discovery and trial costs . . . are inherent in *every* denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal." *Lara-Grimaldi*, 2022 WL 736427, at *3 (alteration and internal quotation marks omitted) (quoting *Negrete v. Citibank, N.A.*, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017)). Although the failure to enter final judgment on the Dismissed Claims creates the risk of duplicative work should the Second Circuit reverse this Court's orders, the entry of final judgment on the dismissed claims at this time would create the certainty of additional work at the Circuit level. *See Ginett*, 962 F.2d at 1095 ("[S]ound judicial administration must involve a proper regard for the duties of both the district court and the appellate court."). And if the Circuit were to affirm this Court's orders, discovery

and potentially trial on the Surviving Claim would proceed. Thus, "two (or more) three-judge panels [would be required] to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Crespo v. Carvajal*, 2021 WL 4237002, at *4 (E.D.N.Y. Sept. 14, 2021) (quoting *Novick*, 642 F.3d at 311); *see also Lara-Grimaldi*, 2022 WL 736427, at *3 (citing cases). For that reason, on balance, Plaintiff has not met its burden to show that there is no just reason for delay.

## CONCLUSION

Plaintiff's motion for entry of partial judgment under Federal Rule of Civil Procedure 54(b) is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 115.

SO ORDERED.

Dated: May 1, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge