IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUEZ WATER NEW YORK, INC.<br><br>                Plaintiff,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY and THE CHEMOURS COMPANY,<br><br>                Defendants. | Civil Action No. 2:20-cv-10731-LJL<br><br><br><br>**AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

LEWIS J. LIMAN, United States District Judge:

This Amended Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties **have conferred** pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties **have** engaged in settlement discussions.

On June 30, 2023, The Chemours Company, The Chemours Company FC, LLC, Dupont de Nemours, Inc., Corteva, Inc., and EIDP, Inc. agreed to pay $1.185 billion to be distributed to Qualifying Public Water Systems pursuant to the terms of a Settlement Agreement reached in the AFFF MDL. *See generally In re: Aqueous Film-Firming Foams Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG (D.S.C.) ("AFFF MDL"), Class Action Settlement Agreement, ECF No. 3393-2.

On August 22, 2023, the United States District Court for the District of South Carolina entered an Order Granting Preliminary Approval of Settlement Agreement in the AFFF MDL. *See* AFFF MDL, Order, ECF No. 3603. On February 26, 2024,

1

the AFFF MDL Court granted the parties' motion for entry of final order and judgment approving the settlement agreement. *See* AFFF MDL, ECF No. 4543.

The Order Granting Preliminary Approval stayed all pending litigation and provided putative class members the option to submit Requests for Exclusion from the settlement. *See* Order, Sept. 8, 2023, ECF No. 115. For those entities that submitted Requests for Exclusion and thereby opted out of the settlement, the Order Granting Preliminary Approval set a final deadline of March 15, 2024 to withdraw a Request for Exclusion. *See* AFFF MDL, ECF Nos. 4432, 4585. Plaintiff did not withdraw its Request for Exclusion by that date. The stay was lifted on March 15, 2024.

The parties have not engaged in settlement discussions regarding a resolution of this particular case.

4. Any motion to amend or to join additional parties shall be filed no later than June 28**, 2024.**

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure were exchanged on **November 15, 2021**.

6. All fact discovery is to be completed no later than **March 28, 2025**.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a. Initial requests for production of documents were served on **June 2, 2023**.[1]

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York were served on **June 2, 2023**. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

---

[1] In light of the stay pursuant to the AFFF MDL Order Granting Preliminary Approval, the Parties have not yet responded to written discovery requests in this matter.

    c.    Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d.    Depositions shall be completed by **February 28, 2025**.

    e.    Requests to Admit shall be served no later than **60 days before trial**.

8. All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by **August 29, 2025.** The Parties propose the following schedule:

    i. Plaintiff's expert report(s) due on **May 27, 2025**
    ii. Defendants' expert report(s) due on **July 25, 2025**
    iii. Expert depositions to be completed by: **August 29, 2025**

9. All discovery shall be completed no later than **August 29, 2025.**

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than **[Court to Complete]**.

11. A post-discovery status conference shall be held on: **April 3, 2025 at 2:00 PM in-person in Courtroom 15C at 500 Pearl Street, New York, NY 10007**. A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than **[Court to Complete].**

13. This case **is** to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is **21 trial days.**

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: **The parties believe that voluntary arbitration or mediations would be premature at this time. However, the Parties agree such procedures may be appropriate after the close of discovery and agree to reevaluate the appropriateness then.**

    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below:

**N/A**

Counsel for the Parties:

*/s/ Richard P. O'Leary*
Richard P. O'Leary
Brooks M. Smith
Lindsey B. Mann.
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000

*Attorneys for Plaintiff,
SUEZ Water New York Inc.*

*/s/ Lanny S. Kurzweil*
Lanny S. Kurzweil
Ryan A. Richman
**MCCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019
Telephone:  (212) 609-6800

*Attorneys for Defendants,
EIDP, Inc. f/k/a E. I. du Pont de*

*Nemours and Company, and The Chemours Company*

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge

Dated: April 30, 2024