## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VEOLIA WATER NEW YORK, INC. f/k/a SUEZ WATER NEW YORK INC. <br><br> Plaintiff, <br><br> v. <br><br> EIDP. INC. f/k/a E. I. DU PONT DE NEMOURS AND COMPANY, <br><br> Defendant. | Civil Action No. 2:20-cv-10731-LJL <br><br> Hon. Lewis J. Liman, U.S.D.J. |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

The parties to the above-captioned action (the "Parties," and each individually a "Party") anticipate producing documents and information to each other that contain confidential, proprietary, or sensitive information. The Parties are willing to provide these documents to each other for inspection and review pursuant to the terms and conditions set forth in this Stipulated Discovery Confidentiality Order (the "Order"). The Parties' purpose in stipulating to this Order is to enable the flow of discovery material and adequately protect material that is entitled to be kept protected under applicable law. By entering this Order, the Court is only ordering the procedures that the Parties shall make all reasonably practical efforts to follow in producing, designating, and objecting to the confidentiality of discovery materials produced in the Action and is not ordering that any confidential or proprietary information produced in the Action is, or is not, subject to disclosure or the discovery process.

308713043v2

This Order is intended to supplement the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. This Order is intended to promote a "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1.

The Court, having reviewed the agreement and stipulations of the Parties, finds that good cause supports the entry of this Order, and that justice so requires.

Accordingly, pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby ORDERED that all information, testimony, documents and other things, including the substance and content thereof produced, deemed produced under the provisions of this Order, or otherwise disclosed by or to any Party or non-party in discovery in this case shall be subject to the terms and provisions set forth below.

1.     **Definitions.**     As used in this Order, the following terms have the following meanings:

a.     "<u>Action</u>" refers to the case captioned *Veolia Water New York, Inc. v. EIDP, Inc.,*, No. 2:20-cv-10731-LJL.

b.     "<u>Material</u>" refers to Documents, Information, or any other tangible material or thing produced or presented in the Action, including all materials within the scope of Rules, 26, 33, and 34(a) of the Federal Rules of Civil Procedure, and all exhibits, evidence, or testimony used or given at trial, in depositions, or in other proceedings in the Action.

c.     "<u>Documents</u>" includes all Materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

d.     "<u>Information</u>" includes all Materials within the scope of Documents, exhibits, evidence or things used at trial, depositions or other proceedings; any

2

testimony, whether given at trial or at deposition; and any other means of presenting, producing, or revealing information.

       e.  "<u>Producing Party</u>" or "<u>Designating Party</u>" refers to the Party or non-party producing Material and/or designating Material as Confidential, Highly Confidential, or Export Control Information, pursuant to the terms of this Order.

       f.  "<u>Receiving Party</u>" refers to a Party or non-party receiving or having access to Material, including but not limited to such Material designated pursuant to the terms of this Order.

       g.  "<u>Confidential Information</u>" refers to Material designated as Confidential in accordance with this Order unless (i) the Designating Party has withdrawn the Confidential designation, or (ii) the Court determines that the Material does not constitute or contain Confidential information.

       A party may only designate a Document, Information, or Material "Confidential" if it has a good-faith basis to believe that the Document, Information, or Material is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, Materials or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, settlement discussions, trade secrets, Confidential Health Information as defined herein, Protected Health Information as defined herein, Personally Identifiable Information as defined herein, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, a Producing Party may not designate as Confidential any documents that have been made publicly available or are publicly

available through lawful means, including through unsealed court filings, public administrative dockets, and/or other similar means by which information was placed in the public domain, except where the document was made public in violation of this Order or other unlawful means.

h. "<u>Highly Confidential Information</u>" refers to Material designated as Highly Confidential in accordance with this Order unless (i) the party which designated the material or information withdraws the Highly Confidential designation, or (ii) the Court has determined that the Material does not constitute or contain Highly Confidential information.

A party may only designate Material "Highly Confidential" if it has a good-faith basis to believe that (a) the Material is, constitutes, or contains Information that is Confidential as set forth herein; and (b) (i) the Material could provide its Competitor(s) with an advantage, including, for example, a business or economic advantage, or (ii) the Material, if released, would cause harm to the interests of a government entity. If Materials are not designated as "Highly Confidential," then they may be shown to a Competitor(s). Further, only Materials designated as "Highly Confidential" pursuant to section (b)(i) of this paragraph are not permitted to be shown to a Competitor(s).

i. "<u>Export Control Information</u>" refers to Material designated as Export Control in accordance with this Order unless (i) the party that designated the material or information withdraws the Export Control designation, or (ii) the Court has determined that the material or information does not constitute Export Control information.

308713043v2

A party may only designate Material "Export Control Information" if it has a good-faith basis to believe that the Material is subject to United States' export control law and regulations. The regulatory obligations with regard to such documents are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130. Except as to documents that have already been produced in other litigation and are being re-produced in this litigation, when a Producing Party produces Material that it believes to be subject to an Export Control designation, the Producing Party will likewise simultaneously provide a description log to the Receiving Party that provides the basis(es) upon which the Material is subject to a claim of ITAR and/or EAR and which precisely identifies the Bates number or range that applies to the Material.

    j.     "<u>Confidential Health Information</u>" shall mean any patient health information protected by any state or federal law, including, but not limited to patient/insured/member medical records, patient/insured/member claims information, genetic testing, and other information that the parties reasonably believe might contain sensitive personal health information. The parties agree that any Confidential Health Information whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

    "Confidential Health Information" does not include any Material in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information.    A

308713043v2

Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information," but a Producing Party may not redact information that is relevant to any claim or defense in the Action.

k.  "<u>Protected Health Information</u>" shall mean the definition of this term as set forth in 45 C.F.R. § 160.103, including but not limited to:  health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual; medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format, to the extent that they identify or reasonably could be expected to identify an individual.  Protected Health Information also includes Information that contains the following identifiers of a patient/insured/member or that of a relative, employer, or household member of a patient/insured/member:

    i.  Names;

    ii.  All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

iii.   All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age to a level of detail greater than in years, and date of death;

iv.   Telephone numbers;

v.   Fax numbers;

vi.   Electronic mail addresses;

vii.   Social security numbers;

viii.   Medical record numbers;

ix.   Health plan beneficiary numbers;

x.   Account numbers;

xi.   Certificate/license numbers;

xii.   Vehicle identifiers and serial numbers, including license plate numbers;

xiii.   Device identifiers and serial numbers;

xiv.   Web universal resource locators ("URLs");

xv.   Internet protocol ("IP") address numbers;

xvi.   Biometric identifiers, including finger and voice prints;

xvii.   Full face photographic images and any comparable images;

xviii.   Any other unique identifying number, characteristic, or code;

xix.   Any other information that the Producing Party knows could be used alone or in combination with other Protected Health Information to identify an individual who is subject of the information; and

308713043v2

xx.    Family health or social information.

The Parties agree that any Protected Health Information whether contained in Materials produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

l.    "Personally Identifiable Information" shall include the following types of information:

    i.    Social security numbers;

    ii.    Account numbers, including credit card and bank account numbers;

    iii.    Certificate/license numbers;

    iv.    Vehicle identifiers and serial numbers, including license plate numbers;

    v.    Device identifiers and serial numbers;

    vi.    Medical record numbers;

    vii.    Health plan beneficiary numbers;

    viii.    Web universal resource locators ("URLs");

    ix.    Internet protocol ("IP") address numbers;

    x.    Biometric identifiers, including finger and voice prints;

    xi.    Full face photographic images and any comparable images; and

    xii.    Any other unique identifying number, characteristic, or code.

The Parties agree that any Personally Identifiable Information whether contained in Materials produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

8

m. The Parties also seek to ensure that any person who receives and stores Confidential Health Information, Protected Health Information, or Personally Identifiable Information in connection with these Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, Protected Health Information, or Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Confidential Health Information, Protected Health Information, or Personally Identifiable Information they may receive from any person in connection with these Action.

n. "Competitor" shall mean any party (including its affiliates) involved in the manufacture, use, or sale of per- or polyfluoroalkyl substances ("PFAS") as those terms are used in and/or as alleged in the Complaint in the Action.

2.    **Use of Designated Information.**  Material designated as Confidential, Highly Confidential, or Export Control Information shall be treated as appropriate under this Order and shall not be disclosed, disseminated, or used for any purpose other than litigation and trial of the Action, such as, but not limited to, business, competitive, or legal purposes, absent the express written consent of the Producing Party or pursuant to order of the Court.  Nothing in this Order shall restrict a Producing Party's ability to control, manage, or disseminate its own internal documents or information (i.e., documents and information that the Producing Party produced), even if such material is or would otherwise be designated as Confidential Information, Highly Confidential Information, or Export Control Information under this Order.  Except as otherwise prohibited or restricted by applicable law, nothing in this Order limits the right of any Party to disclose or otherwise use any Material that a Party already possessed prior to its production or

disclosure in the Action or that it obtained by proper means from other sources, provided that a Party shall produce or otherwise provide reasonable disclosure or notice of such other Material in this Action during fact discovery in accordance with a Party's obligations pursuant to Federal Rules of Civil Procedure 26, 33 and 34.

   3.    **Access to Confidential Information.** Access to Confidential Information shall be limited to:

   a.  Judges, magistrate judges, court reporters, court personnel, videographers, and special masters in connection with the Action.

   b.  The Parties and counsel of record for the Parties in the Action, including outside and in-house counsel of the Parties, and the attorneys, e-discovery attorneys and technicians, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, in all cases only to the extent reasonably necessary to render professional services in the Action.

   c.  Messenger, copy, and other clerical services vendors not employed by a Party or its counsel of record, only to the extent reasonably necessary to assist the Parties and counsel of record for the Parties in rendering professional services in the Action.

   d.  The insurers or indemnitors of the defendants or any agents retained by the insurers or indemnitors, including independent claims management personnel.

   e.  Subject to paragraph 6 below, witnesses during depositions, hearings, and trial testimony in the Action, either during the deposition,

hearing or trial or to the extent reasonably necessary to prepare such persons to testify, and counsel for such persons to the extent not included in Section 5(b). However, the Acknowledgment Form and provisions of paragraph 6 do not apply if the witness is an author, sender, or recipient of the designated material that is the subject of testimony or exhibits . If the witness is a current employee of the Designating Party and refuses to sign the Acknowledgement Form, the Parties will meet and confer in good faith to reach a resolution, taking into consideration the interests of the Designating Party in protecting the relevant Confidential Information against improper disclosure, and the ability of a Receiving Party to use such Confidential Information for the intended purpose during such deposition, hearing, or trial.

f.   Subject to paragraph 6 below, consultants or experts retained for the purpose of assisting counsel of record for the Parties in the Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

g.   Subject to paragraph 6 below, third party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Material or maintaining database programs for handling Material for the Action.

h.   Subject to paragraph 6 below, other persons with the express written consent of the Producing Party or pursuant to Court order.

4.    **<u>Access to Highly Confidential Information.</u>** All "Highly Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of the Action, consistent with the restrictions on use of "Highly Confidential Information" contained in this Order.  Access to any Highly Confidential Information shall be limited to:

a.   Judges, court reporters, court personnel, videographers, and special masters at trial, hearings, arguments, depositions, and any other judicial proceedings in the Action.

b.   Counsel of record for the parties in these Action, including the outside counsel of the parties and the attorneys, ediscovery attorneys and technicians, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, and the in-house counsel of the parties who do not directly advise on business issues and the secretaries, paralegals, assistants, and other employees necessary to assist such counsel, litigation counsel for insurers and indemnitors handling this litigation, only to the extent reasonably necessary to render professional services in these Action.

c.   Subject to paragraph 6 below, personnel of a party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to "Highly Confidential Information" to the extent necessary to assist with the litigation.

d.   Messenger, copy, and other clerical services vendors not employed by a party or its counsel of record, only to the extent reasonably necessary

308713043v2

to assist the parties and counsel of record for the parties in rendering professional services in the Action.

e.  Subject to paragraph 6 below, witnesses during depositions, hearings and trial testimony in the Action.  However, the Acknowledgment Form and provisions of paragraph 6 do not apply if the witness is an author, sender, or recipient of the designated material that is the subject of testimony or exhibits.  If the witness is a current employee of the Designating Party and refuses to sign the Acknowledgement Form, the Parties will meet and confer in good faith to reach a resolution, taking into consideration the interests of the Designating Party in protecting the relevant Highly Confidential Information against improper disclosure, and the ability of a Receiving Party to use such Highly Confidential Information for the intended purpose during such deposition, hearing, or trial.

f.  Subject to paragraph 6 below, persons noticed for depositions or designated as trial witnesses in the Action to the extent reasonably necessary to prepare such persons to testify.

g.  Subject to paragraph 6 below, consultants and experts retained for the purpose of assisting counsel of record in the Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus groups.

h.  Subject to paragraph 6 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving

308713043v2

Materials or designated database programs for handling Materials for the Action.

5.      Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Order, including paragraph 6 herein, unless the Court orders otherwise.

6.      **Access to Export Control Information.**  All "Export Control Information" produced in discovery shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of the Action, consistent with the restrictions on use of "Export Control Information" contained in this Order and under applicable United States laws, namely the International traffic in Arms Regulations (ITAR), the Export Administration Regulations (EAR) and the Federal Export Control Act of 1976.  Export Control Information shall not be disclosed to any individual who is not a U.S. Person or stored on cloud servers or any media physically located outside of the United States.  By entering into this Protection Order, the parties and their counsel hereby give their assurances that they will implement practices and controls to ensure that Export Control Information is restricted to "U.S. Persons" in compliance with the International Traffic in Arms Regulations and Export Administration Regulations.  *See* 22 CFR 120.15–.16 (defining "U.S. Person" and "Foreign Person").

7.      **Signing Exhibit A to the Order.**  Before disclosing Confidential Information, Highly Confidential Information, or Export Control Information to any person listed in paragraphs 3(e)-(h) or paragraphs 4(c) and (e)-(i), the Party proposing such disclosure must provide a copy of this Order to such person and such person must fill out and sign the affirmation attached hereto as Exhibit A.  The Party proposing disclosure must retain a copy of the signed

affirmation.  If the person to whom disclosure is contemplated refuses to sign an affirmation and is a witness being deposed or compelled to testify pursuant to a subpoena, notice, or other order of this Court, then the Parties will work cooperatively to seek a ruling on the issue by the Court prior to the person's scheduled testimony.  While awaiting a ruling on that issue by the Court, no one may disclose Confidential Information, Highly Confidential Information, or Export Control Information to such person.

8.    **Filing Confidential Information, Highly Confidential Information, or Export Control Information with the Court.**  The Parties agree to seek leave to file any Confidential Information, Highly Confidential Information, or Export Control Information under seal. Any request to file documents under seal must comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any Judicial Preferences of any Judge currently assigned to the Action.    If the Court grants the filing Party's motion for leave to file certain documents under seal, that Party shall file such documents under seal and shall also publicly file such documents with redactions of Confidential Information, Highly Confidential Information, or Export Control Information to the extent permitted by the Court in granting the motion to seal. If the Confidential Information, Highly Confidential Information, or Export Control Information in a document filed under seal is later de-designated, any Party may seek to unseal such document for the public record.

9.    **Production of Designated Materials.**  With respect to documents that are produced in TIFF format, any designation of confidentiality shall be made by including the words "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," and/or "EXPORT CONTROL – SUBJECT TO CONFIDENTIALITY ORDER" in the lower left corner of the

15

document. This designation should not obscure or conceal information contained in the document.  The addition of any designation pursuant to this Order shall not be deemed an alteration of the document. With respect to documents that are produced in native format, the designation shall be made by including the words "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," and/or "EXPORT CONTROL – SUBJECT TO CONFIDENTIALITY ORDER" on a cover sheet produced in TIFF format along with the native file and may include, at the Producing Party's discretion, the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "EXPORT CONTROL" in the file name of the native file as produced without otherwise altering the file name.  If a Party adds a designation to the file name for documents produced in native format, such addition will not be considered an alteration of the file.

10.    **Designation of Deposition Transcripts.**    A deposition transcript or portion thereof taken in the Action may be designated as Confidential, Highly Confidential, and/or Export Control Information pursuant to this Order.  A Party may designate appropriate portions of transcripts or deposition exhibits as Confidential, Highly Confidential, and/or Export Control Information until thirty (30) days after receipt of the final deposition transcript from the court reporter, excluding errata changes, by informing all other parties that portions of the transcript are to be designated Confidential, Highly Confidential, and/or Export Control Information, which period may be extended by agreement of the parties.  Unless otherwise agreed, deposition transcripts and Documents, Information, things, or exhibits used at those depositions shall be treated as Highly Confidential from the time of the deposition through the 30-calendar-day period following receipt of the final transcript from the court reporter, after which time, if no portion of

308713043v2

the transcript is designated as Confidential, Highly Confidential, and/or Export Control
Information the transcript shall be treated as non-confidential.  Upon being informed that certain
portions of a deposition are to be designated as Confidential, Highly Confidential, or Export
Control Information, all parties shall immediately cause each copy of the transcript or exhibits in
its custody or control to be appropriately marked and limit disclosure of that transcript or exhibits
only as permitted by this Order.

      11.    **Contesting Designations.**  If any Party believes that any Material designated as
Confidential, Highly Confidential, and/or Export Control Information does not constitute
Confidential Information, Highly Confidential Information, and/or Export Control Information,
respectively, then that Party (the "Challenging Party") may challenge the designation by sending
notice to counsel for the Designating Party in writing, identifying the challenged Material and
articulating the reason(s) for challenging the designation.  The Designating Party shall respond
in writing to such notice within 14 days when reasonably practicable of receiving such written
notice, and shall state with particularity the grounds for the designation.  The Parties shall
promptly confer in good faith to resolve any challenge to a designation.  If the Parties are unable
to resolve their dispute within fourteen (14) calendar days of the Designating Party's written
response to such challenge (or by such longer period as to which counsel for the Parties may
mutually agree), then the Designating Party may request that the Court resolve the dispute
pursuant to Local Rule 37.2, before the Designating Party files a formal motion for an order
regarding the challenged designation.  The Designating Party shall have the burden of showing
that the Material at issue is Confidential, Highly Confidential, and/or Export Control Information,
and that the designation is proper.  Pending resolution of the Parties' dispute over a designation,
the Materials in question shall be treated as originally designated by the Producing Party.

308713043v2

12.      **Failure to Designate Material as Confidential, Highly Confidential, or Export Control Information.**      Any Party that fails to designate Material as Confidential, Highly Confidential, and/or Export Control Information shall have fourteen (14) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice to all Parties of the late designation together with substitute versions of the undesignated Material with the appropriate designation applied.  Such notice shall be deemed to apply to all copies of the undesignated Material. Upon receiving such notice and substitute copies, the Receiving Parties shall make reasonable efforts to retrieve any copies of the undesignated Material from any person to whom that Material was provided and who would not be entitled to receive the Confidential Information, Highly Confidential Information, and/or Export Control Information under this Order, and disclose to the Producing Party whom the Material was provided to; provided, however, that any Party that received such undesignated Material shall have no liability for having received or disclosed any Confidential Information, Highly Confidential Information, and/or Export Control Information contained within such Material prior to that Material being designated as Confidential, Highly Confidential, and/or Export Control Information.  Within a reasonable time of receipt of such notice, the Receiving Parties will mark and, if the Materials have been transmitted to others, request the recipients to mark the Materials and all copies "Confidential" or "Highly Confidential" and/or "Export Control Information," as the case may be, and treat the document as Confidential Information or Highly Confidential and/or Export Control Information, as the case may be, under the terms of this Order, and subject to the Receiving Parties' right to challenge any such designation under the terms of this Order. An failure to designate Material as Confidential, Highly Confidential, and/or Export Control Information shall not, on its own, be deemed a waiver in whole or in part of the Producing

Party's claimed designation, either as to the specific undesignated Material or Material concerning the same or related subject matter. This paragraph applies equally to any portions of a hearing or other proceeding before the Court that a Party inadvertently failed to designate as Confidential, Highly Confidential, and/or Export Control Information during that hearing or proceeding.

13.    **No Waiver of Any Privilege Upon Production.** The Parties agree that they do not intend to disclose in the course of discovery in the Action Materials that are subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity from disclosure. Production of Materials subject to work-product or attorney-client privilege shall not constitute a waiver of any privilege or protection in the Action or any other federal or state proceeding, provided that the Producing Party, within fourteen (14) calendar days of discovery notifies all other Parties in writing of the production, identifies the Material that was produced (including the format and date of the production), and requests a "clawback" of such Material.  This shall not apply to Materials that are intentionally disclosed.  A Receiving Party is under a good faith obligation to promptly alert the Producing Party if Material that is produced, disclosed, exhibited, or communicated by a Producing Party appears to be privileged or protected either on its face or in light of facts known to the Receiving Party. If the Producing Party claims that only a portion of a produced document is privileged or protected, the Producing Party shall provide a new copy of the document with the allegedly privileged or protected portions redacted. A Party receiving a clawback notice shall immediately and diligently act to destroy or return the Material identified in such notice, including all copies, and any notes or work product reflecting the contents of such Material, subject to the provision below regarding retaining the Material during a motion before the Court disputing a claim of privilege; and shall make reasonable efforts

19

to ensure anyone else to whom that Material was provided destroys or returns the Material, and disclose to the Producing Party whom the Material was provided to. No use shall be made of those documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court. A Receiving Party may, after receipt of the Producing Party's clawback notice and reasonable good faith meet and confer process, make a motion before the Court disputing the claim of privilege. If a Receiving Party elects to file such a motion, that Receiving Party may retain possession of the Material that is the subject of that motion, as well as any notes or work product reflecting the content of such Material, pending resolution of the motion by the Court, but shall not use or further disclose such Material unless and until the Court grants the Receiving Party's motion. If the Receiving Party's motion is denied, the Receiving Party shall promptly destroy or return such Material, including all copies, and any notes or work product reflecting the content of such Material.

14.    **Re-Production of Materials from Other Litigation.**  To the extent that any Party reproduces documents from other litigation(s), all such documents clearly marked as being "Confidential," and subject to a protective order in such litigation will be deemed designated as "Confidential" in the Actions; all such documents clearly marked as "Highly Confidential" will be deemed designated as "Highly Confidential" in the Actions; and all such documents clearly marked "Export Control Information" will be deemed designated as "Export Control" in the Actions.  Provided, however, that the Parties shall meet and confer with respect to designations of re-productions where re-produced documents were previously produced and designated pursuant to a protective order setting forth different or inconsistent categories of protected information than those established by this Order.  For the avoidance of doubt, for purposes of re-

308713043v2

productions, the Parties agree that the provisions of the respective protective orders entered in other litigations shall remain in full force and effect and shall in no way be superseded or nullified by the entry of this Order, except that no person shall assert or argue that production or use of such re-produced documents in the Actions is a violation of any such prior protective orders because of any person not signing the confidentiality acknowledgement of such prior protective orders if the person has signed the Exhibit A to this Order.  Notwithstanding the foregoing, a Receiving Party in this Action is permitted to use and access Confidential Information, Highly Confidential Information, and Export Control Information consistent with the use and access provisions of this Order.  Nothing within this paragraph shall prevent a party's ability to make the following designations to re-produced Material:

> a. Any Material previously designated as "Confidential" in prior litigation may be designated as "Highly Confidential" or "Export Control" in this litigation, to the extent such a designation would be appropriate under this Confidentiality Order's requirements for such a designation.

> b. Any Material designated "Confidential" under this Confidentiality Order's requirements on the basis that such Documents or Information constitute Confidential Health Information, Protected Health Information, or Personally Identifiable Information may be designated Confidential regardless of any designation or lack thereof in prior litigation, so long as such a designation is appropriate pursuant to this Confidentiality Order's requirements for such a designation.

15.    **Use of Designated Documents or Information in Court.** A Party may, subject to the Federal Rules of Evidence and any objections by the Producing Party, use Confidential

Information, Highly Confidential Information, and/or Export Control Information at a trial or public hearing in these Action. Prior to such Court proceedings, the Receiving Party wishing to use a Producing Party's designated material in open Court may, but is not required, to raise procedures with a Producing Party concerning the instant designated information in an attempt to reach resolution or suggested procedures for use of the designated information in open Court. If the Parties are unable to reach agreement, then prior to using at a trial or public hearing, the Parties must raise the instant confidentiality issue with the Court for resolution consistent with the Federal Rules of Civil Procedure and applicable Local Rules about sealing practice and, if appropriate, ask that the courtroom be cleared.

16.    **Requests for Confidential Information.** If a Receiving Party receives a discovery request, subpoena, order, or other form of legal process in a separate action or matter that seeks production of a Producing Party's Confidential Information, Highly Confidential Information, or Export Control Information  (a "Request"), that Receiving Party must promptly provide notice of the Request in writing to counsel for the Producing Party, together with a copy of the Request. The Producing Party shall have thirty (30) calendar days after receiving notice or such shorter period as may be provided in the subpoena to object to the Receiving Party's production of the Producing Party's Confidential Information, Highly Confidential Information, or Export Control Information in response to the Request. During that 30-calendar-day period, the Receiving Party shall not, except to the extent required by applicable law or the subpoena, provide or otherwise disclose the Producing Party's Confidential Information, Highly Confidential Information, or Export Control Information in response to the Request.  If the Producing Party objects to disclosure, then the Receiving Party to whom the Request is directed shall not, except to the extent required by applicable law or the subpoena , disclose the Producing

308713043v2

Party's Confidential Information, Highly Confidential Information, or Export Control Information unless directed to do so by the Producing Party or pursuant to order of a court of competent authority.

16.    **Storage and Transmittal of Designated Materials.** To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, all persons with access to Confidential Information, Highly Confidential Information, or Export Control Information are prohibited from storing or transmitting any Confidential Information, Highly Confidential Information, or Export Control Information in or via any online service (other than the firm or corporate email system of a Party of counsel for a Party) that is managed or maintained by any third party, other than a litigation support service provider that uses (a) a secure document hosting facility, (b) encrypted web enabled software, (c) secure sharing and collaboration among only authorized users, and (d) does not employ public cloud computing services for client hosted data.  Notwithstanding the foregoing provisions of this paragraph, the Parties may temporarily store and/or transmit files with Confidential Information, Highly Confidential Information, or Export Control Information to persons authorized to receive Confidential Information, Highly Confidential Information, or Export Control Information as e-mail attachments, via secure FTP, Dropbox, Box.com, and/or by way of a third party vendor that the Parties agree may be used for encrypted and secure domestic transmissions, provided that, for any such transmissions, the Parties shall take all reasonable steps to protect Confidential Information, Highly Confidential Information, or Export Control Information from being disclosed to unauthorized third parties. The use of a third-party vendor may include short-term, incidental storage of files for the sole purpose of transmitting them, provided that the files are

promptly deleted upon transmission. The parties may separately confer and agree in writing to make mutual accommodations under this paragraph.

17.    **Materials Produced by a Non-Party**. Any non-party who may be called upon to make discovery herein or to provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Order. All Material designated by a non-party as Confidential, Highly Confidential, or Export Control Information will be treated in the same manner as any Confidential, Highly Confidential, or Export Control Information produced by the Parties; however, Parties reserve the right to object to the designation of material by non-parties as Confidential, Highly Confidential, or Export Control Information.

18.    **Non-Termination.** The duty to treat Confidential Information, Highly Confidential Information, or Export Control Information in accordance with this Order survives the completion of the Action. At the conclusion of the Action by settlement, jury verdict, judgment, or otherwise, including any and all appeals, each Party must return or destroy all Confidential Information, Highly Confidential Information, or Export Control Information belonging to another Party that it does not otherwise have a right to retain. The destruction of Confidential Information, Highly Confidential Information, or Export Control Information under this paragraph will include, without limitation, all copies and duplicates thereof.  Within 90 days of receipt of a written request, or such other time frame as agreed among the Parties, the Parties will certify that all Confidential Information, Highly Confidential Information, or Export Control Information required to be destroyed has been destroyed. Unless otherwise ordered by the Court, this paragraph does not apply to (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Information, Highly Confidential Information, or Export Control Information; (b) a

Case 1:20-cv-10731-LJL    Document 158    Filed 02/25/25    Page 25 of 28

Party's own work product; or (c) official deposition, trial, or other Court transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such Material retained by counsel.

19.     **Non-Waiver of Objections.** Neither this Order nor any of the provisions described herein shall operate as a waiver of any Party's right to object to the relevance, admissibility, or discoverability of any Material, or to seek further protection from the Court before producing Material that a Party believes may not be adequately protected by the provisions of this Order, or to seek leave to refuse production of such Material.

20.     **No Admissions or Prejudice.** Nothing in this Order, or any action taken in compliance with it, shall (a) operate as an admission against interest by any Party, (b) prejudice in any way the right of any Party to seek a determination that designated Materials should or must be disclosed, (c) prejudice in any way the right of a Party to seek a determination that any designated Materials are required to be disclosed, or (d) prejudice in any way the right of any Receiving Party to seek a determination that designated Materials were not properly designated. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information, Highly Confidential Information, or Export Control Information.

21.     **Enforcement.** This Order shall continue to be effective following termination of the Action, and the Court shall retain jurisdiction with respect to this Order after the final judgment or dismissal of the Action. For purposes of enforcement and other matters related to this Order, each person given access to designated Materials under this Order will be deemed to have agreed and will be subject to the jurisdiction of this Court and to the jurisdiction of the state and federal courts where such person received the Materials for purposes of enforcement.

25

308713043v2

22.   **Modification Permitted.** This Order may be modified at any time by the Court or, for good cause shown, on motion of any Party or non-party, or by agreement of the Parties with the Court's approval.

| | |
|---|---|
| **TROUTMAN PEPPER LOCKE LLP** | **McCarter & English, LLP** |
| */s/ Lindsey B. Mann* | */s/ Lanny S. Kurzweil* |
| Daniel E. Gorman | Lanny S. Kurzweil, Esq. |
| 875 Third Avenue | |
| New York, NY 10022 | Ryan A. Richman, Esq. |
| Telephone: 212.704.6000 | Four Gateway Center |
| daniel.gorman@troutman.com | 100 Mulberry St. |
| | Newark, NJ 07102 |
| Brooks M. Smith | Telephone: (973) 639-2044 |
| (admitted *pro hac vice*) | Facsimile: (973) 297-3810 |
| Troutman Sanders Building | lkurzweil@mccarter.com |
| 1001 Haxall Point | |
| P.O. Box 1122 (23218-1122) | rrichman@mccarter.com |
| Richmond, VA 23219 | |
| Telephone: 804.697.2200 | *Attorneys for Defendant* |
| brooks.smith@troutman.com | *EIDP, Inc.* |
| Lindsey B. Mann | |
| (admitted *pro hac vice*) | |
| 600 Peachtree Street NE, Suite 3000 | |
| Atlanta, GA 30308-2216 | |
| Telephone: 404.885.3000 | |
| lindsey.mann@troutman.com | |
| *Attorneys for Plaintiff* | |
| *Veolia Water New York, Inc.* | |

February 25, 2025

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge

_____

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VEOLIA WATER NEW YORK, INC. f/k/a SUEZ WATER NEW YORK INC. <br><br> Plaintiff, <br><br> v. <br><br> EIDP. INC. f/k/a E. I. DU PONT DE NEMOURS AND COMPANY, <br><br> Defendant. | Civil Action No. 2:20-cv-10731-LJL <br><br> Hon. Lewis J. Liman, U.S.D.J. |

**<u>AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL</u>**

I, _____, hereby affirm that:

1. My address is _____.

2. My present occupation or job description is _____

_____

_____.

3. I received a copy of the Stipulated Protective Order entered in the above-captioned

action.

4. I carefully reviewed the provisions of the Stipulated Protective Order and understand

those provisions.

5. I will comply with all of the provisions of the Stipulated Protective Order.

6.  In particular, I will hold in confidence any Confidential Information, Highly Confidential Information, or Export Control Information I receive in connection with the above-captioned action(s) and will not further disclose or disseminate any such information, except as permitted under the Stipulated Protective Order.  I will only use any Confidential Information, Highly Confidential Information, or Export Control Information I receive as necessary in connection with the above-captioned action(s) and as permitted under the Stipulated Protective Order, and not for any other purpose.

7.  I hereby submit to the jurisdiction of the Court in the above-captioned action(s) for the purpose of enforcement of this agreement.


Dated: _____


    _____