```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
VEOLIA WATER NEW YORK,                                               :
INC. f/k/a SUEZ WATER NEW                                            :
YORK, INC,                                                           :
                                                                     :   20-cv-10731 (LJL)
                                                                     :
                    Plaintiff,                                       :   ORDER
        -v-                                                          :
                                                                     :
EIDP, INC. f/k/a E. I. DU PONT DE                                    :
NEMOURS AND COMPANY,                                                 :
                                                                   X
                    Defendant.

---------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

   Plaintiff Veolia Water New York, Inc. ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 37(a)(1), to compel discovery from Defendant EIDP, Inc. ("EIDP"). Dkt. No. 156. The motion is granted as set forth in this Order.

   Federal Rule of Civil Procedure 26 permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

   The parties disagree as to whether Plaintiff's design defect claim is limited to Teflon. *Compare* Dkt. No. 156 (arguing that discovery extends beyond Teflon) *to* Dkt. No. 160 (arguing that Plaintiff's design defect claim is limited to Teflon). In the Court's Opinion and Order of March 22, 2023, the Court rejected EIDP's argument that Plaintiff's Second Amended Complaint failed to state a claim for design defect because it did not state an alternative design. *SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.,* 2023 WL 2601161 (S.D.N.Y. Mar. 22, 2023); Dkt. No. 112. The Court reasoned that, by alleging that "GenX, a

hexafluoropropylene oxide dimer acid, . . . could be used instead of PFOA to produce fluoropolymers like Teflon," Plaintiff had alleged a feasible alternative design for EIDP's fluoropolymer and fluorotelomer products. *SUEZ Water,* 2023 WL 2601161, at *17. Defendant relies on language in the Court's Opinion that "Plaintiff has adequately stated a design defect claim for Teflon," *id.* at *19, as well as its observation that the Second Amended Complaint contained no allegations that Capston was a feasible alternative design for Zonyl, *id.* at *18 n.16.

EIDP reads the Court's Opinion and Order too narrowly. In the decisive order, the Court denied EIDP's motion to dismiss Count Five of the Second Amended Complaint. *Id.* at *19. Count Five of the Second Amended Complaint alleges a design defect claim based on EIDP's "defective design of its fluorochemical products" and introduction of those products into the stream of commerce. Dkt. No. 95 ¶ 160. The count refers to products, "including but not limited to . . . Zonyl fluorotelomers and Teflon fluoropolymers." *Id.* ¶ 159. Plaintiff's Third Amended Complaint makes similar allegations. Dkt. No. 152 ¶¶ 118, 126–27. Plaintiff is entitled to discovery relevant to its claim and proportional to the needs of the case.

EIDP argues that fluoropolymers are not a single product, and that Plaintiff does not identify any specific polymers for which it now seeks discovery. Dkt. No. 160 at 2. That argument, however, goes to the particularity of Plaintiff's request for production of documents, *see* Fed. R. Civ. P. 34(b)(1)(A) (requiring the request to be made with "reasonable particularity") and to its proportionality with respect to the needs of the case, *see* Fed. R. Civ. P. 26(b). Defendant makes no such arguments in response to Plaintiff's motion. The parties are directed to meet and confer regarding the particularity and proportionality of the request for the production of documents and the interrogatories. This order is without prejudice to an application by EIDP to limit discovery on any grounds other than the categorical limitation of

Count Five to Teflon.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 156.

SO ORDERED.

Dated: March 3, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge